JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| 3M COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>KM BROTHERS INC., KMJ TRADING INC., SUPREME SUNRISE, INC., MAO YU, and DOES 1-10,<br><br>    Defendants. | Case No. 2:20-cv-05049 MWF-JC<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Complaint Filed:  June 8, 2020<br>Am. Compl. Filed:  June 9, 2020<br><br>Jury Trial Demanded |
|---|---|

    Pursuant to the Notice of Settlement and Stipulation for Entry of Consent Judgment and Permanent Injunction between Plaintiff 3M Company ("Plaintiff" and/or "3M" ), on the one hand, and Defendants KM Brothers Inc., KMJ Trading Inc., Supreme Sunrise, Inc., and Mao Yu (together, "Defendants") on the other (the "Stipulation"), the Court hereby ORDERS, ADJUDICATES and DECREES that judgment and a permanent injunction shall be and hereby is entered as follows:

///

///

///

**FINDINGS**

1. This Court has jurisdiction over the subject matter of this case and over the Stipulating Parties.

2. Venue is proper as to the Stipulating Parties in the Central District of California pursuant to 28 U.S.C. § 1391(b).

3. The First Amended Complaint states *prima facie* claims upon which relief may be granted against the Defendants under 15 U.S.C. §§ 1114(1), 1116(d), 1125(a)(1)(A), 1125(a)(1)(B), and 1125(c) as well as California Business & Professions Code, §§ 17200 et seq. and 17500 et seq.

4. 3M is the owner of numerous federal trademark registrations, including specifically (i) U.S. Trademark Reg. No. 3,398,329, which covers the standard-character 3M mark in International Classes 9 and 10 for, inter alia, respirators (the "'329 Registration"), (ii) U.S. Trademark Reg. No. 2,692,036, which covers the 3M logo for, inter alia, a "full line of surgical masks, face shields, and respiratory masks for medical purposes" (the "'036 Registration"); and (iii) U.S. Trademark Reg. No. 2,793,534, which covers the 3M design mark in International Classes 1, 5, and 10 for, inter alia, respirators (the "'534 Registration"), all of which are registered on the Principal Register in the United States Patent and Trademark Office and have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

5. Since long before Defendants used any "3M" designation or mark, 3M has offered products under its 3M mark, including in connection with 3M-brand respirators.

6. As a result of its longstanding use of the 3M mark, the 3M mark has become famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

7. In February and March 2020, Defendants purchased 4250 masks in boxes of 10 or 20 masks marked as 3M N95 respirators from unidentified sellers that Defendants met on OfferUp, an online consumer-to-consumer marketplace.

1  Defendants paid the unidentified sellers $21,625.00 for these masks.

2        8.    In March 2020, Defendants purchased an additional approximately 15,300 masks in boxes of 10 or 20 masks marked as 3M N95 respirators from Kayso, Inc., located in South El Monte, California. Defendants paid Kayso, Inc. $69,987.00 for these masks. Defendants also paid an additional "service fee" of $24,877.17 to an intermediary, Zhiju.

      9.    From February 2020 through March 2020, Defendants sold approximately 18,661 of the masks they had purchased to more than 1800 consumers through Amazon.com for a total price of $372,141.88. Defendants described these masks as authentic 3M-branded N95 respirators. Defendants subsequently refunded $8,221.70 to consumers.

      10.    In making the sales described above, Defendants adopted and began using the 3M mark in US commerce. Defendants represented or implied that they had an association or affiliation with, sponsorship by, and/or connection with, 3M and 3M's products. Defendants represented or implied that the products it sold were authentic 3M N95 respirator masks and represented or implied that 3M had increased the prices of its N95 respirator masks. Defendants sold these masks at substantially inflated prices.

      11.    Defendants' conduct is likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' goods and has deceived the relevant consuming public into believing, mistakenly, that Defendants' goods and associated conduct originate from, are associated or affiliated with, or are otherwise authorized by 3M. Defendants' conduct is also likely to cause confusion or deceive consumers as to the pricing and value of 3M products. Further, Defendants' conduct is likely to dilute the distinctive quality of, and tarnish the reputation of, 3M's famous 3M mark.

      12.    The foregoing conduct by Defendant constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair

competition and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and violation of California Business & Professions Code, §§ 17200 et seq. and 17500 et seq.

13. As set forth above, Defendants earned $363,920.18 in sales (after refunds) from the sale of the purported 3M N95 respirators through Amazon.com. Defendants incurred costs of $195,181.66 in connection with those sales. Accordingly, Defendants realized $168,738.52 in profits on the sales of the purported 3M N95 respirators through Amazon.com. Of that amount, Amazon.com is currently holding $135,245.44 in reserve.

14. As a direct and proximate result of the Defendants' conduct alleged herein, 3M has sustained substantial, immediate, and irreparable injury, and is entitled to monetary relief and an injunction pursuant to 15 U.S.C. §§ 1116-1117.

15. Entry of this Consent Judgment and Permanent Injunction is in the public interest.

16. Defendants, without admitting the allegations set forth in Plaintiff's First Amended Complaint or any wrongdoing on their part, and 3M hereby stipulate to entry of this Consent Judgment and Permanent Injunction.

17. Defendants have waived all rights to seek judicial review or otherwise challenge or contest the validity of this Order, and further waive and release any claim they may have against 3M its employees and agents, including any rights that may arise for attorneys' fees or other costs under the Equal Access to Justice Act, 28 U.S.C. $2412, amended by Pub. L. 104-121, 110 Stat. 847,863-64 (1996).

## **ORDER**

IT IS THEREFORE ORDERED that:

1. Defendants shall pay 3M the total sum of $192,615.69 as set forth in the Settlement and Mutual Release Agreement dated August 12, 2020.

2. Defendants, their agents, servants, employees, officers and all persons

and entities who receive actual notice of this Consent Judgment and Permanent Injunction through personal service or otherwise, in active concert and participation with them, are permanently enjoined from any of the following:

    a.    Selling or offering to sell any 3M Products, or otherwise using the 3M mark (e.g., providing any pricing information regarding 3M Products), unless expressly authorized by 3M and through an authorized distributor of 3M that has been verified as such by 3M; and

    b.    Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by this paragraph.

3. This Court shall retain jurisdiction to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement of this Consent Judgment and Permanent Injunction.

4. If Defendants are found to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the Stipulating Parties agree that 3M shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

5. All claims and defenses that were alleged (or that could have been alleged) in the Lawsuit by any of the Stipulating Parties are hereby resolved by this Consent Judgment and Permanent Injunction.

6. The Stipulating Parties shall each bear their own costs and attorneys' fees incurred in this action.

///
///
///
///
///

This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of 3M's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

**IT IS SO ORDERED.**

Dated: August 18, 2020

_____
MICHAEL FITZGERALD
UNITED STATES DISTRICT JUDGE

**IT IS SO STIPULATED.**

Dated: August 13, 2020

KEVIN C. MEYER
SAUL PERLOFF
CHRISTOPHER WEIMER

By: *s/Saul Perloff*
    Saul Perloff
Attorneys for Plaintiff
3M COMPANY

Dated: August 13, 2020

**MANDOUR & ASSOCIATES, APC.**

By: *s/Ben T. Lila*
    Ben T. Lila
Attorneys for Defendants
KM BROTHERS INC., KMJ TRADING INC., SUPREME SUNRISE, INC., MAO YU, and DOES 1-10

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4, the undersigned hereby attests that concurrence in the filing of this **STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION** has been obtained from counsel for Defendants and is electronically signed with the express permission of Defendants' counsel.

Dated:  August 13, 2020

KEVIN C. MEYER
SAUL H. PERLOFF
CHRISTOPHER WEIMER

By:    *s/Saul Perloff*
     **Saul Perloff**
Attorneys for Plaintiff
3M COMPANY